Present — McLENNAN, P. J., SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

Application for reinstatement as an attorney and counselor at law denied.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE E. McEACHRON, Respondent, v. JAMES D. BASHFORD, as County Treasurer of Wayne County, Appellant.

Fourth Department, October 7, 1908.

Intoxicating liquors.— local option — effect of change in expiration of excise year — police power — Laws of 1908, chap. 144, construed.

The Legislature has power to fix the time when liquor licenses shall expire in towns which under the local option laws have voted against the issuance of licenses.

Such act does not impair the obligation of contracts, for liquor tax laws are enacted under the police power.

As chapter 144 of the Laws of 1908, which went into effect May first of that year, changing the expiration of the excise year from April thirtieth to September thirtieth, provides that the status existing at the time a vote is taken on local option shall not be changed until the first day of October following next thereafter, one making due application for a liquor tax certificate on May 1, 1908, in a town which formerly allowed the issue of licenses, is entitled to such license until October first following, although the town voted against licenses at the meeting held in November, 1907.

APPEAL by the defendant, James D. Bashford, as county treasurer, etc., from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Wayne on the 12th day of May, 1908, directing the defendant to issue a liquor tax certificate to the relator.

*Royal R. Scott,* for the appellant.

*E. W. Hamn,* for the respondent.

Order affirmed, with costs, on the opinion, of CLARK, J.

All concurred.

The following is the opinion delivered at Special Term:

CLARK, J.:

The relator, a resident of the town of Wolcott, Wayne county, applied to the treasurer of that county for a liquor tax certificate, tendering the legal fee for the same, and presenting a proper bond. The treasurer refused to issue the certificate, not because there was any defect in any of the relator's papers or bond, but because the electors of the town of Wolcott, at the election held in November, 1907, had voted for no license for that town, the proposition as to whether or not license should be issued in the town of Wolcott having been regularly submitted and voted upon at that election. The electors in the town of Wolcott had in 1905 voted in favor of license for said town, and it was a license town in November, 1907, when the electors voted no license.

Under the Liquor Tax Law,* as it existed prior to April 21, 1908, the excise year began May first and ended April thirtieth. On April 20, 1908, the Legislature passed an act (Laws of 1908, chap. 144) to amend the Liquor Tax Law, and that act became a law April 21, 1908, and by the terms of that act the excise year begins October first and ends September thirtieth. There is, therefore, a lapse of five months between the ending of the excise year under the old law, April thirtieth, and the beginning of the excise year under the new law, October first, and the question to be determined here is whether or not a person who was entitled to and had a liquor tax certificate prior to May 1, 1908, is entitled to traffic in liquors until the beginning of the new excise year, October 1, 1908, even though the electors of his town had voted no license at the town meeting held in November, 1907. In other words, the question is whether the relator is entitled to a liquor tax certificate in the town of Wolcott, Wayne county, N. Y., for the five months commencing

---

* See Laws of 1896, chap. 112, as amd.— [REP.

May 1, 1908, and ending September thirtieth in the same year, his town having gone no license in November, 1907.

There is no dispute but that the electors of the town of Wolcott, by a vote properly taken in 1907, voted no license, but the contention of the relator is that by the amended Liquor Tax Law (Laws of 1908, chap. 144) the excise year was extended, and that he is entitled to a certificate authorizing him to traffic in liquors in the town of Wolcott by the terms of the statute, even though the electors of the town of Wolcott had voted no license at the town meeting held in November, 1907.

There can be no doubt that the Legislature has the power to pass what are known as local option laws. Having the right to pass local option laws carries with it the right to fix a time when licenses shall cease in a town which has voted against the granting of liquor licenses. The Legislature having the right to fix the date on which the sale of liquors shall commence in towns which have voted in favor of license, and also the right to fix the date on which the sale of liquors shall cease in towns which have voted against the license, it necessarily follows that the Legislature has the power to change these dates, unless by so doing the constitutional provision* which forbids the passing of laws impairing the obligation of contracts is violated, which appears not to be the case, for liquor tax laws are enacted under what is known as the police power of the State.

The town of Wolcott having been a license town on the day of the biennial town election, held in November, 1907, remains such until the date upon which liquor tax certificates may not be lawfully issued for the traffic in liquor within its boundaries. Prior to the passage of chapter 144 of the Laws of 1908 that date was the first day of May,† but that law substituted October first for May first as the beginning of the excise year. This it clearly had a right to do.

There is no contention on the part of the learned counsel opposing this application that the Legislature did not possess the right to change the date on which the excise year should begin, and it having that right it would seem to follow necessarily that the relator

* See U. S. Const. art. 1, § 10, subd. 1.— [REP.

† See Laws of 1896, chap. 112, § 16, as amd. by Laws of 1905, chap. 680, and Laws of 1907, chap. 345.— [REP.

having complied with all the required formalities is entitled to have a liquor tax certificate issued to him, for the reason that the town of Wolcott, in which he desired a license to traffic in liquors, was a license town, so called, by reason of the vote of its electors in November, 1905, and it remained such until the date fixed by the Legislature as the time for it to become a no-license town, as result of the election of 1907, viz., October 1, 1908, that date having been substituted in place of May first as the beginning of the excise year, by chapter 144 of the Laws of 1908, which became a law April twenty-first of this year.

It may be that it was not the legislative intent by the passage of chapter 144 of the Laws of 1908, to allow liquor to be sold from May 1, 1908, to October 1, 1908, in those towns which substituted the no-license for the license system at the biennial town meeting held in November, 1907, but I am unable to find anything in that act which indicates that it was not the intention of the Legislature to substitute October first for May first as the date on which the will of the voters of any town which changed its liquor policy at the November, 1907, election should go into effect. Indeed, the amended Liquor Tax Law itself would seem to indicate that it was the legislative intent to continue the status existing at the time such vote was taken until the first day of October instead of the first day of May.

The act expressly provides (§ 16): " The status existing at the time such vote is taken upon questions submitted shall not be changed until the first day of October following next thereafter, prior to which time (October) such vote shall neither authorize the issuance of liquor tax certificates in accordance therewith or preclude the issuance of such certificates in accordance with the result of the preceding vote on such questions submitted, nor shorten the term for which any liquor tax certificate may have been lawfully issued, nor affect the rights of any person thereunder."

I believe that the law, as it existed at the time the relator applied for his liquor tax certificate, May 1, 1908, must be controlling here.

The status existing in the town of Wolcott on the 5th day of November, 1907, when the last vote was taken was that the right to certificates to traffic in liquors in that town existed, and under the express provision of the amended Liquor Tax Law (Laws of

1908, chap. 144), the status did not and does not change until the 1st day of October, 1908. In construing a statute the words thereof must be given their plain and ordinary meaning, and the reading of the statute itself leads to the conclusion that a vote taken on November 5, 1907, either for or against license, did not affect the status of the town in which it was taken in regard to the sale of liquors until the first day of October.

I am satisfied that under the amended Liquor Tax Law, in towns where traffic in liquors was or could be lawfully carried on prior to the election held in November, 1907, such traffic may be continued until October 1, 1908, provided the applicant for a liquor tax certificate, for the additional time between May first and October first, makes application therefor as required by the terms of the Liquor Tax Law.

No question having been raised as to the regularity and sufficiency of the application, bond, etc., I think that the Liquor Tax Law, as it existed at the time the relator applied for his liquor tax certificate, entitled him to such certificate authorizing him to do business under it until the beginning of the next excise year, to wit, October 1, 1908.

The treasurer of Wayne county is, therefore, hereby directed to issue to the relator a liquor tax certificate, as applied for, authorizing him to traffic in liquors at the place and during the time as stated in the application.

---

John McAuliff, Respondent, v. Mary F. Hughes, nee Frances Helen Welcome, and Richard Hughes, Her Husband, and as Committee, etc., of Mary F. Hughes, Defendants, Impleaded with Elizabeth Elliott, Appellant.

Third Department, October 2, 1908.

Process — designation of party by nickname — facts establishing due service — partition — effect of previous conveyance by defendant — real property — champerty and maintenance — conveyance of lands held adversely.

Although an heir named "Claude" E. W. was served in a partition action under the name of "Clody" W., the court on appeal will assume that the service was made upon "Claude" where he is shown to have been one of the heirs and such fact was found by the referee.